**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER DENYING DEFENDANT'S** |
| | ) | **MOTION FOR COMPASSIONATE** |
| vs. | ) | **RELEASE** |
| | ) | |
| Michael Sean Gianakos, | ) | Case No. 3:02-cr-044 |
| | ) | |
| Defendant. | ) | |

------------------------------------------------------------------------------------------------------------------

Before the Court is Defendant Michael Sean Gianakos' motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on August 10, 2020.  See Doc. No. 273.  The Government filed a response in opposition to the motion on September 3, 2020.  See Doc. No. 278.  Gianakos filed a reply brief on September 14, 2020.  See Doc. No. 279.  For the reasons set forth below, the motion is denied.

I.      **BACKGROUND**

On May 7, 1997, the body of Anne Camp, the victim of an apparent homicide, was discovered at an abandoned farmstead in Clay County, Minnesota. State v. Gianakos, 644 N.W.2d 409, 410 (Minn. 2002).  The investigation revealed she had been poisoned, shot in the face with a shotgun at close range, and had her throat slashed.  Camp was a friend of and babysitter for Gianakos and his wife Jamie.  Camp was also the State's key witness in a staged motel robbery in which Gianakos and Jamie were suspects. On October 28, 1999, Gianakos and his wife were indicted on charges of first-degree murder, conspiracy to commit first-degree murder, and aiding first-degree murder in Camp's death. Id. at 413.  Jamie pled guilty and testified against Gianakos at his trial.  She was later sentenced to 25 years of imprisonment.  Gianakos was convicted and sentenced to life.  On May 23, 2002, Gianakos' conviction was overturned based upon a marital privilege interpretation which held the privilege could be asserted

1

by either spouse.  Prosecutors decided to take the case federal where spousal privilege evidentiary rules were less advantageous to Gianakos.

On July 19, 2002, Gianakos was indicted in federal court on a number of charges related to the death of Camp.  See Doc. No. 1.  On October 23, 2002, a federal grand jury charged Gianakos in a two-count superseding indictment with kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1), death caused by use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(j)(1), and aiding and abetting these crimes.  See Doc. No. 33.  After a seven day jury trial, Gianakos was found guilty of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) on May 12, 2003.  Gianakos was sentenced to life imprisonment on July 18, 2003.  See Doc. No. 176.  An appeal was taken.  The conviction was affirmed on July 26, 2005.  United States v. Gianakos, 415 F.3d 912 (8th Cir. 2005).  Gianakos subsequently applied for a writ of certiorari to the United States Supreme Court, which was denied on November 28, 2005.  Gianakos v. United States, 546 U.S. 1045 (2005).

Gianakos filed a motion pursuant to 28 U.S.C. § 2255 on November 27, 2006.  The Court appointed him counsel to assist with his motion.  The Section 2255 motion was denied on October 23, 2007.  An appeal was taken, again with the assistance of counsel.  The Eighth Circuit Court of Appeals affirmed the denial of habeas relief on March 25, 2009.  Gianakos v. United States, 560 F.3d 817 (8th Cir. 2009).  The Court has also denied three Rule 60(b) motions filed by Gianakos.  See Doc. Nos. 250, 256, and 267.

On May 22, 2020, Gianakos filed the instant motion seeking a reduction of sentence and compassionate release under 18 U.S.C. § 3582(c)(1)(A) citing a need to care for his seriously ill daughter and his own health problems as an "extraordinary and compelling" reason for a sentence reduction.  Gianakos asks that his sentence be reduced from life to 25 years of imprisonment in order

2

to match the sentence his wife received.  Gianakos points out Jamie is no longer in prison.  The Government filed a response in opposition to the motion.  Gianakos is currently serving his life sentence at FCI Mendota in California.

## II.   <u>LEGAL DISCUSSION</u>

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP <u>or</u> upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  It is undisputed Gianakos has exhausted his administrative remedies.  <u>See</u> Doc. Nos. 273-1 and 278, p. 5.

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement.  <u>See</u> 18 U.S.C. § 3582(c)(1)(A).  There is no right to counsel in Section 3582(c) proceedings. <u>United States v. Brown</u>, 565 F.3d 1093, 1094 (8th Cir. 2009).  Nor is there a right to a hearing.  <u>See</u> <u>Dillon v. United States</u>, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).  It should also be noted that the CARES Act does not provide the Court with any expanded authority to grant a motion to reduce sentence under 18 U.S.C. § 3582(c).  <u>See</u> <u>CARES Act</u>, Pub. L. No. 116-136, 134 Stat 281 (2020).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP.  Such motions were

rarely filed.  This all changed when the President signed the First Step Act into law on December 21,

2018.  The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify
> a term of imprisonment once it has been imposed except that–
>
> > **(1)** in any case–
> >
> > > **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon
> > > motion of the defendant</u> after the defendant has fully exhausted all
> > > administrative rights to appeal a failure of the Bureau of Prisons to bring a
> > > motion on the defendant's behalf or the lapse of 30 days from the receipt of such
> > > a request by the warden of the defendant's facility, whichever is earlier, may
> > > reduce the term of imprisonment (and may impose a term of probation or
> > > supervised release with or without conditions that does not exceed the unserved
> > > portion of the original term of imprisonment), after considering the factors set
> > > forth in section 3553(a) to the extent that they are applicable, if it finds that–
> > >
> > > > **(i)** extraordinary and compelling reasons warrant such a reduction;
> > > >
> > > > and that such a reduction is consistent with applicable policy statements
> > > > issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(I) (emphasis added).

Unfortunately, the First Step Act does not define "extraordinary and compelling reasons."  The

Sentencing Commission's policy statement can be found at Section 1B1.13 of the 2018 Sentencing

Guidelines Manual.  The policy statement requires a finding that a claimant meets three requirements:

1) extraordinary and compelling reasons warrant the reduction; 2) the defendant is not a danger to the

community; and 3) the reduction follows the Sentencing Commission's policy statement.  USSG §

1B1.13.  However, the policy statement pertains to the old law rather than the new law and thus is of

questionable applicability.  See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *6

(M.D.N.C. June 28, 2019) (concluding the old policy statement provides helpful guidance but does not

control the district court's independent assessment of whether "extraordinary and compelling reasons"

warrant a sentence reduction.).  This Court agrees that the Sentencing Commission's existing policy

4

statement provides only limited guidance.  See United States v. Fox, No. 2:14-CR-03, 2019 WL 3046086, at *3 (D. Me. July 11, 2019).  In addition, the Sentencing Commission will not be publishing a 2019 or 2020 Sentencing Guidelines Manual for lack of a quorum.  Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 n.7.

The Application Note to U.S.S.G. § 1B1.13 provides as follows:

1.    **Extraordinary and Compelling Reasons**.--Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A)    **Medical Condition of the Defendant**.--

(i)    The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii)    The defendant is–

(I)    suffering from a serious physical or medical condition,

(II)    suffering from a serious functional or cognitive impairment, or

(III)    experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B)    **Age of the Defendant**.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C)    **Family Circumstances**.--

(i)    The death or incapacitation of the caregiver of the

5

defendant's minor child or minor children.

      (ii)     The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D)    **Other Reasons**.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

2.     **Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

3.     **Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

4.     **Motion by the Director of the Bureau of Prisons**.--A reduction under this policy statement may be granted only upon motion by the Director of the Bureau of Prisons pursuant to 18 U.S.C. § 3582(c)(1)(A). The Commission encourages the Director of the Bureau of Prisons to file such a motion if the defendant meets any of the circumstances set forth in Application Note 1. The court is in a unique position to determine whether the circumstances warrant a reduction (and, if so, the amount of reduction), after considering the factors set forth in 18 U.S.C. § 3553(a) and the criteria set forth in this policy statement, such as the defendant's medical condition, the defendant's family circumstances, and whether the defendant is a danger to the safety of any other person or to the community.

This policy statement shall not be construed to confer upon the defendant any right not otherwise recognized in law.

5.     **Application of Subdivision (3)**.--Any reduction made pursuant to a motion by the Director of the Bureau of Prisons for the reasons set forth in subdivisions (1) and (2) is consistent with this policy statement.

U.S.S.G. § 1B1.13.

Gianakos contends his medical conditions and the need to provide assistance to his daughter

6

who has serious medical conditions constitute extraordinary and compelling reasons which warrant a sentence reduction. Under the Sentencing Guidelines, a defendant will qualify for a sentence reduction based upon his age if he is: (i) at least 65 years old; ii) experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his term of imprisonment, whichever is less. U.S.S.G. § 1B1.13, comment. n. 1(B). Health problems qualify if they are serious and substantially diminish the ability to provide for self-care. U.S.S.G. § 1B1.13, comment. n. 1(A)(ii).

Gianakos is 49 years of age and is serving a life sentence for an extremely serious and violent crime. He has been in custody (state and federal) for approximately 21 years. His medical conditions include seizures, chronic headaches, back problems, arthritis, high blood pressure, hypothyroidism, and pre-diabetes. None of these conditions are life threatening. Gianakos is not terminally ill. He receives medical treatment from the BOP for all these conditions and is able to provide all necessary self-care. He is serving his sentence in a medium security facility rather than a federal medical facility. Gianakos' medical problems do not constitute an extraordinary and compelling reason warranting a sentence reduction. Insofar as Gianakos contends the COVID-19 pandemic warrant a sentence reduction, this Court has repeatedly held that the a generalized fear of contracting COVID-19 is not an "extraordinary and compelling reasons" for compassionate release or a sentence reduction within the meaning of Section 3582(c)(1)(A). The Court would note it is unfortunate Gianakos is serving his sentence in California which is far away from his family who live in the Fargo, North Dakota area.

It is undisputed Gianakos' 24 year old daughter suffers from a serious medical condition which necessitates daily assistance. Her prognosis is challenging. Currently, the daughter is cared for by Gianakos' mother. Gianakos' mother is 73 years old, has serious health problems of her own, and is having difficulty providing the level of care her granddaughter requires. The Court is sympathetic to

7

the situation.  However, the daughter is an adult and every family suffers when a family member commits a crime and is sent to prison.  A finding that "extraordinary and compelling" reasons exist is unwarranted.

The Court has carefully reviewed the entire record and concludes Gianakos has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction.  <u>See</u> <u>United States v. Jones</u>, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted under 18 U.S.C. § 3582(c)(2)).

## III.   <u>CONCLUSION</u>

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 273) is **DENIED**.  The motion for leave to file a reply brief (Doc. No. 277) is **DENIED** as moot.  The motion for hearing and motion for appointment of counsel (Doc. No. 277) are **DENIED**.

**IT IS SO ORDERED.**

Dated this 20th day of October, 2020.

<u>/s/ Daniel L. Hovland</u>
Daniel L. Hovland, District Judge
United States District Court

8