## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, | ) |
| | ) |
| Plaintiff, | )  **ORDER DENYING DEFENDANT'S** |
| | )  **MOTION TO REDUCE SENTENCE** |
| vs. | ) |
| | ) |
| Michael Sean Gianakos, | )  Case No. 3:02-cr-044 |
| | ) |
| Defendant. | ) |

------------------------------------------------------------------------------------------------------------------

Before the Court is Defendant Michael Sean Gianakos' motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A), filed on November 22, 2023. See Doc. No. 291. The Government filed a response in opposition to the motion on January 4, 2024. See Doc. No. 296. The Defendant also filed two supplements in support of his motion. See Doc. Nos. 295 and 297. For the reasons set forth below, the motion is denied.

### I.     BACKGROUND

On May 7, 1997, the body of Anne Camp, the victim of an apparent homicide, was discovered at an abandoned farmstead in Clay County, Minnesota. State v. Gianakos, 644 N.W.2d 409, 410 (Minn. 2002). The investigation revealed she had been poisoned, shot in the face with a shotgun at close range, and had her throat slashed. Camp was a friend of and babysitter for Gianakos and his wife Jamie. Camp was also the State's key witness in a staged motel robbery in which Gianakos and Jamie were suspects. On October 28, 1999, Gianakos and his wife were indicted on charges of first-degree murder, conspiracy to commit first-degree murder, and aiding first-degree murder in Camp's death. Id. at 413. Jamie pled guilty and testified against Gianakos at his trial. She was later sentenced to 25 years of imprisonment. Gianakos was convicted and sentenced to life. On May 23, 2002, Gianakos' conviction

1

was overturned based upon a marital privilege interpretation which held the privilege could be asserted by either spouse. Prosecutors decided to take the case federal where spousal privilege evidentiary rules were less advantageous to Gianakos.

On July 19, 2002, Gianakos was indicted in federal court on a number of charges related to the death of Camp. See Doc. No. 1. On October 23, 2002, a federal grand jury charged Gianakos in a two-count superseding indictment with kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1), death caused by use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(j)(1), and aiding and abetting these crimes. See Doc. No. 33. After a seven day jury trial, Gianakos was found guilty of kidnapping resulting in death in violation of 18 U.S.C. § 1201(a)(1) on May 12, 2003. Gianakos was sentenced to life imprisonment on July 18, 2003. See Doc. No. 176. An appeal was taken. The conviction was affirmed on July 26, 2005. United States v. Gianakos, 415 F.3d 912 (8th Cir. 2005). Gianakos subsequently applied for a writ of certiorari to the United States Supreme Court, which was denied on November 28, 2005. Gianakos v. United States, 546 U.S. 1045 (2005).

Gianakos filed a motion pursuant to 28 U.S.C. § 2255 on November 27, 2006. The Court appointed him counsel to assist with his motion. The Section 2255 motion was denied on October 23, 2007. An appeal was taken, again with the assistance of counsel. The Eighth Circuit Court of Appeals affirmed the denial of habeas relief on March 25, 2009. Gianakos v. United States, 560 F.3d 817 (8th Cir. 2009). The Court has also denied three Rule 60(b) motions filed by Gianakos. See Doc. Nos. 250, 256, and 267.

On May 22, 2020, Gianakos filed his first motion seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). The Court denied the motion on October 20, 2020. See Doc. No. 280. The Eighth Circuit Court of Appeals affirmed the denial on November 4, 2020. See Doc. No. 283. Now before

the Court is Gianakos' second motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). Gianakos contends he was penalized for taking his case to trial, he has been rehabilitated, he received an unusually long sentence, he has medical problems, and he needs to act as a caregiver for family members. He requests his life sentence be reduced to time served. The Government filed a response in opposition to the motion. Gianakos is currently serving his life sentence at FCI McKean in Bradford, Pennsylvania.

## II.     LEGAL DISCUSSION

18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under two circumstances: by motion of the Director of the BOP or upon motion of the Defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." In this case, neither party has addressed the issue. There is no evidence in the record which demonstrates Gianakos has exhausted his administrative remedies. Nevertheless, the Court deems the issue waived as the Government did not raise it. See United States v. Houck, 2 F.4th 1082, 1084 (8th Cir. 2021) (finding this requirement is a mandatory claims processing rule that must be enforced so long as the opposing party properly raises it).

In considering a motion to reduce sentence, the Court must assess whether, after considering the 18 U.S.C. § 3553(a) factors, "extraordinary and compelling reasons" exist which warrant a sentence reduction, and if a sentence reduction is consistent with the Sentencing Commission's applicable policy statement. See 18 U.S.C. § 3582(c)(1)(A). There is no right to counsel in Section 3582(c) proceedings. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Nor is there a right

to a hearing. See <u>Dillon v. United States</u>, 560 U.S. 817, 827-28 (2010) (observing that, under Federal Rule of Criminal Procedure 43(b)(4), a defendant need not be present at a proceeding under Section 3582(c)(2) regarding the imposition of a sentencing modification).

Prior to the passage of the First Step Act in 2018, district courts could only grant compassionate release sentence reductions based upon a motion filed by the director of the BOP. Such motions were rarely filed. This all changed when the First Step Act was signed into law on December 21, 2018. The relevant portion of the new law now reads as follows:

> **(c) Modification of an imposed term of imprisonment**.--The court may not modify a term of imprisonment once it has been imposed except that–
>
> **(1)** in any case–
>
> **(A)** the court, upon motion of the Director of the Bureau of Prisons, <u>or upon motion of the defendant</u> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that–
>
> **(i)** extraordinary and compelling reasons warrant such a reduction;
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C.A. § 3582(c)(1)(A)(i) (emphasis added).

The First Step Act does not define "extraordinary and compelling reasons." The applicable Sentencing Commission policy statement can be found at Section 1B1.13 of the 2023 Sentencing Guidelines Manual. Section 1B1.13 provides as follows:

> **(a) In General**.--Upon motion of the Director of the Bureau of Prisons or the defendant pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not

4

exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that–

> **(1)** **(A)** Extraordinary and compelling reasons warrant the reduction; or
>
> **(B)** The defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
>
> **(2)** The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> **(3)** The reduction is consistent with this policy statement.

**(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:

> **(1) Medical Circumstances of the Defendant**.--
>
> > **(A)** The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> >
> > **(B)** The defendant is–
> >
> > > **(i)** suffering from a serious physical or medical condition,
> > >
> > > **(ii)** suffering from a serious functional or cognitive impairment, or
> > >
> > > **(iii)** experiencing deteriorating physical or mental health because of the aging process,
> > >
> > > > that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
> >
> > **(C)** The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and

without which the defendant is at risk of serious deterioration in health or death.

**(D)** The defendant presents the following circumstances–

**(i)** the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;

**(ii)** due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and

**(iii)** such risk cannot be adequately mitigated in a timely manner.

**(2) Age of the Defendant**.--The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

**(3) Family Circumstances of the Defendant**.--

**(A)** The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

**(B)** The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

**(C)** The incapacitation of the defendant's parent when the defendant would be the only available caregiver for the parent.

**(D)** The defendant establishes that circumstances similar to those listed in paragraphs (3)(A) through (3)(C) exist involving any other immediate family member or an individual whose relationship with the defendant is similar in kind to that of an immediate family member, when the defendant would be the only available caregiver for such family member or individual. For purposes of this provision, 'immediate family member' refers to any of the individuals listed in

paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant.

**(4) Victim of Abuse**.--The defendant, while in custody serving the term of imprisonment sought to be reduced, was a victim of:

**(A)** sexual abuse involving a "sexual act," as defined in 18 U.S.C. 2246(2) (including the conduct described in 18 U.S.C. 2246(2)(D) regardless of the age of the victim); or

**(B)** physical abuse resulting in "serious bodily injury," as defined in the Commentary to § 1B1.1 (Application Instructions);

that was committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant.

For purposes of this provision, the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger.

**(5) Other Reasons**.--The defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4).

**(6) Unusually Long Sentence**.--If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

**(c) Limitation on Changes in Law**.--Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement. However, if a defendant otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction under this policy statement, a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) may be considered for purposes of determining the extent of any such reduction.

**(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

**(e) Foreseeability of Extraordinary and Compelling Reasons**.--For purposes of this policy statement, an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment. Therefore, the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement.

U.S.S.G. § 1B1.13.

Even when extraordinary and compelling reasons exist, a court should only grant a motion for release if it determines that the defendant is not a danger to the public. See U.S.S.G. § 1B1.13(2). A court should also consider whether the 18 U.S.C. § 3553(a) factors weigh in favor of release. See 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13. Whether to grant relief under Section 3582(c)(1)(A) is vested in the sound discretion of the district court. United States v. Vangh, 990 F.3d 1138, 1140 (8th Cir. 2021).

Gianakos is 53 years of age and is serving a life sentence for an extremely serious and violent crime. He has been in custody (state and federal) for approximately 25 years. Gianakos contends he was penalized for taking his case to trial, he has been rehabilitated, he received an unusually long sentence, he has medical problems, and he needs to act as a caregiver for family members. He maintains these issues constitute extraordinary and compelling reasons which warrant a sentence reduction. Gianakos has not submitted any evidence to support his contention that he has been rehabilitated or that his unspecified medical problems support a sentence reduction. The Court addressed his medical issues and the need to act as a caregiver in its prior order denying a sentence reduction on October 20, 2020. See Doc. No. 280. No medical records support the current motion.

The Court remains unconvinced a sentence reduction is warranted such that he can act as a caregiver for family members. The contention that he was penalized for taking his case to trial fails as well because such a contention is unsupported by the record and his several appeals. The life sentence was not unusually long given the offense of conviction.

In addition, the Court concludes the Section 3553(a) factors, which Gianakos did not address in his motion, weigh against any sentence reduction. The kidnapping and murder of Anne Camp was a particularly heinous and brutal crime in which Gianakos played a lead role. The life sentence was warranted under the circumstances. The need for the sentence imposed under Section 3553(a)(2)(A)-(C) still remains given the nature of the crime. Granting a sentence reduction 18 U.S.C. § 3582(c)(1)(A) would undermine these factors.

The Court has carefully reviewed the entire record and concludes Gianakos has failed to demonstrate "extraordinary and compelling reasons" that would warrant a sentence reduction. See United States v. Jones, 836 F.3d 896, 899 (8th Cir. 2016) (the burden is on the defendant to establish a sentence reduction is warranted).

### III. CONCLUSION

For the reasons set forth above, the Defendant's motion to reduce sentence (Doc. No. 291) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 29th day of April, 2024.

/s/ Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court